IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ERIC HARRIS,                          :
                                      :
            Plaintiff,                :
                                      :
      v.                              : Civil Action No. 21-739-RGA
                                      :
CENTURION,  et al.,                   :
                                      :
            Defendants.               :

---

Eric Harris, Howard R. Young Correctional Institution, Wilmington, Delaware.
Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


November 8, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Eric Harris, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and amended the complaint on June 15, 2021.  (D.I. 3, 9).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 8).  Plaintiff has filed a number of motions.  (D.I. 5, 6, 7, 11, 15, 16, 17, 18).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  The motions will also be addressed.

### BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment and violations of his right to equal protection under the Fourteenth Amendment.  (D.I. 3 at 5).  Plaintiff names two contract medical providers to the Delaware Department of Correction as defendants; Connections CSP and Centurion.  Centurion became the contract medical provider on April 1, 2020.  On August 12, 2021, Connections filed a suggestion of bankruptcy and this matter is stayed as to Connections pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).  (D.I. 20).

Plaintiff alleges his claims began in early 2017 and are on-going.  (D.I. 3 at 5).  Plaintiff's claims revolve around his history of blood clots and pulmonary embolisms.

1

(*Id*.).  He has an IV filter implanted in his groin because of the condition.  (*Id*.).  His leg has been "obviously" swollen for all five years of his imprisonment.  (*Id*.)  Plaintiff alleges that Defendants Centurion and Centurion Nurse Practitioner Jasvir Kaur repeatedly ignored his pleas for medical attention.  He alleges that Kaur refused to prescribe an ultra sound or MRI.  (*Id*.).  He alleges that Defendant William Ngwa ignored his requests for additional care of the left leg.  (*Id*. at 6).

On an unstated date, Plaintiff asked Defendant Delaware Department of Correction for a medical release due to the left leg condition that which he further injured in 2020.  (*Id*.).  The DOC denied the request for early release and adhered to Centurion's decision that it could treat Plaintiff's injuries and medical conditions.  (*Id*.).  Plaintiff alleges that the wound did not heal properly due to a newly discovery blood clot in the leg which disrupted the blood flow.  (*Id*.).  Plaintiff alleges that Centurion failed to provide reasonable wound care and, after five years of suffering, it just ordered an ultra sound of the leg.  (*Id*.).  The results revealed a "life threatening blood clot," and "Centurion is scrambling to treat it only now."  (*Id*.).  He alleges that Centurion employees have denied him access to wound care supplies and that Centurion staff ignore his sick call requests.  (*Id*.)

 Plaintiff alleges that Defendant DOC Commissioner Claire DeMatteis approved a health care provider contract with Centurion and failed to make certain that Plaintiff received equal protection.  (*Id*.).  He alleges that Defendant City of Wilmington,

2

Delaware allows the DOC and Centurion to provide health care services well below an acceptable standard of care.  (*Id.*).

Plaintiff seeks compensatory and punitive damages.  (*Id.* at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only

3

where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane*

4

*Constr. Corp*., 809 F.3d 780,787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

**Statute of Limitations**.  Plaintiff alleges that his claims began in 2017.  He filed his complaint on May 20, 2021 as determined by the prison mailbox rule.  *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002); *Rivers v. Horn*, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001) (extending *Houston* to *pro se* prisoner § 1983 complaints).

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In Delaware, § 1983 claims are subject to a two-year limitations period.  *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based."  *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised.  *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir.

5

2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Hence, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff complains of acts occurring beginning in early 2017 when Connections was the medical contract health care provider. Centurion became the contract health care provider on April 1, 2020. Plaintiff did not file his Complaint until May 20, 2021. It is evident from the face of the Complaint that all claims that accrued prior to May 20, 2019 raised against any named defendant are barred by the two year limitations period. Therefore, all claims that accrued prior to May 20, 2019 will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Immunity**. The DOC and Delaware Health & Social Services (added as a defendant at D.I. 9) are named defendants. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its Eleventh Amendment immunity. *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017). As agencies of the State of Delaware, both the DOC and Delaware

Health & Social Services are entitled to immunity under the Eleventh Amendment.  *See, e.g., Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).  Therefore, they will be dismissed as defendants based upon their immunity from suit.

**Municipal Liability**.  Plaintiff alleges the City of Wilmington allows the DOC and Centurion to provide health care services below an acceptable standard of care.  The Complaint does not explain how a municipality like the City of Wilmington has authority to oversee a state entity and/or a party to a contract entered into by a state entity.

Moreover, a municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury."  *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990).  While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law."  *Id.* at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)).  Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.  *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

7

The Complaint does not plead that it was the "moving force" behind any alleged constitutional violation.  Absent any allegation that a custom or policy established by the City of Wilmington directly caused harm to Plaintiff, the § 1983 claim cannot stand. Accordingly, the claim will be dismissed.

**Equal Protection**.  Plaintiff alleges DeMatteis approved a health care contract with Centurion and failed to make certain that Plaintiff received equal protection.  A plaintiff may bring an equal protection claim under two legal theories:  (1) by alleging a defendant treated him differently from other similarly situated individuals because of his membership in an identifiable or protected class, such as race, religion, sex, or national origin, *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 & n.112 (3d Cir. 2016); or (2) in a "class of one", by alleging a defendant treated him differently from others similarly situated for arbitrary or irrational reasons, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Phillips v. County of Allegheny*, 515 F.3d at 243.

As pled, the conclusory allegations do not provide a basis to show how DeMatteis violated the Equal Protection Clause.  *See, e.g.*, *Tindell v. Beard*, 351 F. App'x 591 (3d Cir. 2009).  Nor is it plausible Plaintiff could state such a claim.  The claim against DeMatteis will be dismissed as frivolous.

**Medical**.  Plaintiff alleges delay and denial of medical care and treatment by Centurion, Kaur, and Ngwa.  A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  *See also Brown*

8

*v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment prisons officials must ensure inmates receive adequate medical care).  In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff fails to state actionable claims.  As pled, I am unable to discern when much of the wrongful conduct occurred or whether it occurred prior to May 20, 2019 and is time-barred.  Nor can I tell when or whether the alleged wrongful conduct was taken by Connections,  Centurion, or any of their employees.  Bare allegations without sufficient facts to support them do not suffice.  *See Weigher v. Prison Health Services*, 402 F. App'x 668, 671 (3d Cir. 2010).  As currently pled, it is impossible for Centurion, Kaur and Ngwa to adequately respond to the Complaint.

The claims will be dismissed.  However, Plaintiff alleges a serious medical need, and it is possible that Plaintiff may be able to state a medical needs claim upon amendment and, therefore, he will be given leave to amend the medical needs claims.

**Discovery**.  Plaintiff has filed three motions for discovery.  (D.I. 5, 11, 15).  There is no operative pleading, no defendant has been served, and a scheduling and discovery order has not been entered.  Plaintiff's discovery motions will be dismissed without prejudice as premature.

9

**Request for Counsel**.  Plaintiff requests counsel on the grounds that he is cannot afford counsel, the issues are complex, expert testimony will be needed, and he has medical conditions.  (D.I. 6).  A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

I have reviewed the docket in this case as well as Plaintiff's filings.  To date, Plaintiff has ably represented himself in this matter.  Having reviewed the pleadings, it is far from clear that any claim has merit as many claims are barred by the applicable statute of limitations.  It is difficult to tell if any of the alleged actions of each defendant rise to the level of a constitutional violation.  At present, there is not an operative complaint.  Upon consideration of the entire record, I have concluded that counsel is not necessary.  Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

**Motions to Amend**.  Plaintiff has filed two motions to amend.  (D.I. 17, 18).  The first moves to add Mike Records as a defendant.  (D.I. 17).  The second motion rehashes the allegations found in the original complaint.  (D.I. 18).

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier.  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Rule 15 provides that courts should freely give leave to amend when justice so requires.  The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co*., 921 F.2d 484, 486-87 (3d

11

Cir. 1990).  Amendment, however, is not automatic.  *See Dover Steel Co., Inc. v. Hartford Accident and Indem*., 151 F.R.D. 570, 574 (E.D. Pa. 1993).

The first motion to amend does not provide a factual basis to add a new defendant.  The second motion to amend does not cure the pleading defects discussed above.

Accordingly, the motions for leave to amend will be denied without prejudice.

**Miscellaneous Motions**.  Plaintiff asks the Court to enter an order for Defendants to place $30,000,000 into escrow.  (D.I. 7).  An escrow account is not required nor necessary.  The motion will be denied.

Plaintiff asks the Court to enter an order directing the DOC to take certain action on the housing of inmates who have, and who have not, received COVID-19 vaccinations.  (D.I. 16).  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).  Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).  The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the DOC's housing decisions during the COVID pandemic.  The motion will be denied.

**CONCLUSION**

For the above reasons, the Court will:  (1) dismiss without prejudice as premature Plaintiff's discovery motions (D.I. 5, 11, 15); (2) deny Plaintiff's request for counsel (D.I. 6) without prejudice to renew; (3) deny Plaintiff's motion for money to be placed in escrow (D.I. 7); (4) deny Plaintiff's motion regarding inmate housing  (D.I. 16); (5) deny without prejudice Plaintiff's motions to amend (D.I. 17, 18); (6) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2); and (7) dismiss Defendants Delaware Department of Correction, Claire DeMatteis, the City of Wilmington, Delaware, and Delaware Health and Social Services.  Plaintiff will be given leave to amend the medical needs claim.

An appropriate Order will be entered.