IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC HARRIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-739-RGA |
| CENTURION, et al., | : |
| Defendants. | : |

Eric Harris, Howard R. Young Correctional Institution, Wilmington, Delaware.   Pro Se
Plaintiff.

Scott G. Wilcox, Esquire, Moore & Rutt, PA, Wilmington, Delaware.   Counsel for
Defendants Centurion, Jasvir Kaur, and William Ngwa.

Mark L. Desgrosseilliers, Esquire, Chipman Brown Cicero & Cole, LLP, Wilmington,
Delaware.   Counsel for Defendant Connections CSP.

**MEMORANDUM OPINION**

August  ( 0 , 2022
Wilmington, Delaware

**ANDREWS, United States District Judge:**

Plaintiff, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 3). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The original complaint, effectively filed on May 20, 2021 was dismissed, and Plaintiff was given leave to amend. (D.I. 22, 23). The Amended Complaint, effectively filed November 19, 2021, is the operative pleading. (D.I. 26). Before the Court is a motion to dismiss filed by Defendants Centurion, Jasvir Kaur, and William Ngwa. (D.I. 66) The motion is fully briefed. (D.I. 66, 67, 68, 71, 75). There are also about 44 unresolved motions filed by Plaintiff.

## I.    BACKGROUND

The following facts are taken from the Amended Complaint and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that the events complained of occurred after May 20, 2019.[1] (D.I. 26 at 1). He alleges that Centurion, Kaur, and Ngwa violated his rights under the Eighth Amendment when they denied him timely and proper medical care and treatment and deviated from the standard of care. (*Id.* at 1-2, 8).

Plaintiff was first treated by a nurse practitioner who is no longer employed by Centurion. (*Id.* at 2). Next, he was treated by Kaur who "began managing Plaintiff's

---

[1] Because the Amended Complaint adds events that occurred after the filing of the original complaint, it is at least in part a supplemental pleading pursuant to Fed. R. Civ. P. 15(d).

1

health care including his left leg wound."  (*Id.*).   Plaintiff alleges that Kaur and Ngwa did not, and do not, possess the knowledge and expertise required to treat a patient suffering from the illnesses Plaintiff is battling.   (*Id.* at 3).   He alleges that Centurion did not provide proper training and oversight.   Plaintiff alleges that his health records advised Centurion and Kaur of "his history of blood clots; renal disease; stroke history; edema; epilepsy; traumatic brain injury and other serious medical issues" and that he had a left leg wound that "was obvious to anyone."  (*Id.*).   Plaintiff submitted a "sick call" request due to his concerns of a blood clot in his left leg and alleges that "his concerns were ignored by Centurion and especially Kaur."  (*Id.* at 3-4).   Plaintiff was eventually diagnosed and treated for a blood clot in the left leg.  (*Id.*).   Plaintiff complains that he did not see a vascular specialist, and that no "vascular consult" was arranged until November 17, 2021, and then only after Centurion was ordered to respond to Plaintiff's request for a vascular examination.  (*Id.* at 5, 7 (referring to D.I. 21)).   Plaintiff also alleges that Centurion opposed releasing him from Level 5 custody because of "corporate greed;" it wanted to continue to bill Medicaid/Medicare.   (D.I. 26 at 6, 8).

Plaintiff described submitting two grievances:   No. 565588 and No. 579859. (*See* D.I. 68, 69). Plaintiff filed the actual grievances on the docket.   (D.I. 69-2).   He filed the Amended Complaint on November 19, 2021.[2]   Plaintiff seeks compensatory

---

[2] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule."   *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).   Plaintiff signed the Amended Complaint on November 19, 2021, and that is the earliest date possible that Plaintiff could have submitted the Amended Complaint to prison officials for filing.   The Court construes the Amended Complaint as having been filed on November 19, 2021.

damages. (*Id.* at 9).

The Amended Complaint contains nothing that could be construed as a factual allegation of some specific treatment, or lack of treatment, by Defendant Ngwa. There is no basis in the Amended Complaint for Ngwa to be a defendant.

## II. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering Rule 12(b)(6) motions to dismiss, the Court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d at 64. The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3

### III.   DISCUSSION

Defendants move to dismiss on the grounds that some claims are time-barred;
the Amended Complaint fails to state claims upon which relief can be granted; and
Plaintiff failed to exhaust his administrative remedies.   Plaintiff opposes.   The Court
turns to the case dispositive issue of exhaustion of administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought
with respect to prison conditions under section 1983 or any other Federal law, by a
prisoner confined in any jail, prison, or other correctional facility until such administrative
remedies as are available are exhausted."   42 U.S.C. § 1997e(a). "The PLRA's
exhaustion requirement applies to all inmate suits about prison life, whether they involve
general circumstances or particular episodes, and whether they allege excessive force
or some other wrong."   *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA requires
"proper exhaustion," meaning exhaustion of those administrative remedies that are
"available."   *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the
inmate is not required to specially plead or demonstrate exhaustion in his complaint.
*Jones v. Bock*, 549 U.S. 199, 211-17 (2007); *Small v. Camden Cty.*, 728 F.3d 265, 268
(3d Cir. 2013).   Failure to exhaust administrative remedies must be pled and proved by
the defendant.   *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018).   When a
defendant shows that a plaintiff inmate did not exhaust administrative remedies, the
plaintiff has the burden of showing that administrative remedies were not available. *Id*.
Factual disputes about exhaustion are issues for the court to decide, but only after
notice and an opportunity for the parties to submit relevant materials.   *Id*. at 265.

4

Defendants argue that Plaintiff did not exhaust his administrative remedies prior to filing the Supplemental Pleading. A supplemental pleading adds post-complaint events to the operative pleading, does not supersede it, and treats the events alleged as part of the original complaint. *Korb v. Haystings*, 860 F. App'x 222, 226 & n.5 (3d Cir. 2021) (analyzing *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019), *cert. denied*,140 S Ct. 1611 (2020)), *cert. denied*, 142 S. Ct. 1111 (2022). Because a complaint is "brought" under the Federal Rules of Civil Procedure, the Rules allow a plaintiff to supplement his complaint to show exhaustion after filing the complaint and doing so complies with the PLRA. *Id.* at n.4. A supplemental pleading may cure jurisdictional defects, and non-jurisdictional defects, such as the PLRA's affirmative defense of exhaustion. Id. (citations omitted).

In response to Defendants' motion, Plaintiff refers to two grievances he submitted. The first, Grievance #565588, was submitted May 12, 2021 and complains of contracting COVID-19. (D.I. 69-2 at 3). "I am experiencing ongoing symptoms from contracting COVID-19 due to the negligence of DOC and Centurion who both failed to adhere to CDC published COVID-19 Guidance provided by the CDC regarding social distancing and contact tracing." (*Id.*). According to papers filed by Plaintiff, this grievance was still unresolved when he commenced this suit. (*Id.* at 2 (memo stating the grievance would "tentatively" be heard on June 9, 2021)). Plaintiff has/has not shown that it was subsequently exhausted. (D.I. 69-2). Thus, it cannot be the basis for administrative exhaustion. Exhaustion must be completed before a complaint is filed. *See Ahmed v. Dragovich*, 297 F.3d 201, 209 & n.9 (3d Cir. 2002). Regardless, Grievance #565588 cannot help Plaintiff; it is a COVID-19 grievance. This grievance

5

does not support Plaintiff's position that he exhausted his administrative remedies as there are no COVID claims in the Amended Complaint. The grievance does not mention Plaintiff's leg, a leg wound, or a vascular problem.

The second, Grievance #579859, was filed during the pendency of this lawsuit. It was submitted November 5, 2021, complains that Plaintiff was informed by Centurion staff on November 2, 2021, that he needed to have a blood sample drawn for a renal work-up because, in March 2021, the original work-up was "incorrectly entered" into the system, and "negligently ordered" [3] by Kaur. (*Id.* at 4, 5). The Medical Grievance Committee upheld the grievance on November 30, 2021, and the grievance was "resolved." (*Id.* at 6). The grievance appears to have been exhausted, but it too appears to be a complaint about an event (blood work relating to renal disease) that is not mentioned in the Amended Complaint, which is about a leg wound, blood clots, a vascular specialist, and the drug Eliquis.[4] Thus, the second grievance does not serve to have administratively exhausted the claims he makes in the Amended Complaint.

Accordingly, the Court will grant moving Defendants' motion to dismiss for Plaintiff's failure to exhaust his administrative remedies.[5] Dismissal is without prejudice. The Court will permit Plaintiff to amend his complaint one final time. The Court does so because it is possible, although it seems unlikely, that Plaintiff filed some

---

[3] I take "negligently ordered" to mean that it was negligently entered into the system.

[4] The Amended Complaint does include one sentence, "Also, the Court is reminded that Kaur recently discovered a renal mistake from 8 months ago." (D.I. 26 at 9). But that is not what the Amended Complaint is complaining about.

[5] The Court will not address the other grounds for dismissal raised in the Amended Complaint.

other grievance that has been exhausted and that relates to the issues raised in this suit. And, while the parties have briefed and submitted papers relative to the administrative exhaustion issue, there was no formal notice from the Court that it would consider and resolve the issue.

## IV. CONCLUSION

For the above reasons, the Court: (1) the Court will grant the motion to dismiss filed by Defendants Centurion, Jasvir Kaur, and William Ngwa (D.I. 66); and (2) dismiss as moot all of Plaintiff's motions (D.I. 19, 24, 27, 28, 29, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 52, 55, 56, 59, 61, 64, 65, 69, 72, 73, 77, 78, 83, 85, 86, 87, 91, 94, 95, 96, 97, 98, 100).

An appropriate order will be entered.